# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-1888 AGF |
| | ) | |
| KELLY UNKNOWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff William Barrett, an inmate at the Phelps County Jail, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $32.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint and the supplemental complaints, the Court will order plaintiff to submit a second amended complaint on a court-provided form in compliance with the instructions set forth below. Plaintiff's failure to do so will result in a dismissal of this action, without prejudice.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $160.00. The Court will therefore assess an initial partial filing fee of $32.00, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within

the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint and Supplemental Complaint

Plaintiff, an inmate at Phelps County Jail, brings this action pursuant to 42 U.S.C. § 1983 alleging violation of his civil rights.[1] He names as defendants in his complaint the following individuals and entities: Unknown Kelly (Nurse, Adv. Correctional Healthcare); Unknown Shultz (Lieutenant); Unknown Dowdi (Sergeant); Unknown Glenn (Sergeant); Unknown Bell (Correctional Officer); the United States Marshal's Service; and Heather Westerfield (Food Service Supervisor). He brings this action against defendants in their individual and official capacities.[2]

Plaintiff filed his original complaint on June 20, 2019, along with his motion to proceed in forma pauperis, in the United States District Court for the Western District of Missouri. The Western District reviewed plaintiff's complaint on June 26, 2019, and the Court transferred the action to this Court pursuant to 28 U.S.C. § 1404(a), noting that plaintiff's claims arose in the

---

[1] Plaintiff further asserts that he is bringing this action pursuant to the Religious Land Use and Institutionalized Person Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*.

[2] Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official.

3

Eastern District of Missouri. At the time of transfer, the Western District provisionally granted plaintiff's motion to proceed in forma pauperis.

**A. Medical Claims**

Plaintiff claims that he was transferred from Cole County Jail to Phelps County Jail in January of 2019. He states that at the time he was booked into Phelps County Jail, he informed Correctional Officer Edwards that he suffered from glaucoma for which he was prescribed eye drops. Plaintiff states that Officer Edwards informed plaintiff that he would need to meet with Nurse Kelly in order to get his medication during his time at Phelps County Jail.

Plaintiff states that he saw Nurse Kelly three days after he was booked, and she informed plaintiff she was aware of his glaucoma. He asked Nurse Kelly if he could attend an appointment with his "outside doctor," and Nurse Kelly told plaintiff that she would need to clear it with the U.S. Marshal's Office.

Plaintiff claims that he went without his glaucoma medication for a period of approximately two weeks in January of 2019. He asserts that he made a request for his medication to be refilled during this time.

Plaintiff states that around March 11, 2019, he submitted a request to medical for "several issues," especially for the "pressure in [his] eyes. He claims he saw Nurse Kelly who told him she was unable to do an exam on his eyes, however, she directed him to sign a consent for medical records for his doctor "from the outside."

Plaintiff alleges that on April 16, 2019, he was administered the wrong medication in his eyes by Officer Bell. He claims Officer Bell instructed him to "flush his eyes with cold water" and he did as instructed. Plaintiff states that Officer Bell checked with a doctor as to the ramifications

of giving plaintiff the wrong medication and told him it was ok after flushing his eye, but Officer Bell did not allow plaintiff to see a physician.

Plaintiff asserts that on June 4, 2019, Officer Solomon gave him an orange top medication along with his regular medication. When plaintiff questioned the orange top medication, Officer Black checked with Nurse Kelly and then he admitted that the orange top medication was not supposed to be given to plaintiff.

Relating to his medical claims, it appears plaintiff is complaining that defendants have failed to respond to his grievances in a timely manner.[3] He asserts that the grievance procedure at Phelps County Jail does not meet the required standards, and he asserts that his grievances often went unanswered.

**B. Religious Claims**

Plaintiff claims that on May 8, 2019, he made a verbal request to "supervisory officials" to be placed in the Ramadan list. He claims he is a Muslim and he believes in Islam. However, he knew Ramadam was in May but did not know the exact date Ramadan started. He asserts that he requested on May 10, 2019 at the kiosk that he be placed on the Ramadan list. It was then that he was informed by a fellow inmate that Ramadan had begun on May 5, 2019.

Plaintiff states that he filed another request for Ramadan on May 15, 2019, but "no avail." Similarly, he filed another request on May 17, 2019, but "no avail." He claims that, finally, after talking with Sergeant Taylor on May 20, 2019, he was placed on the list to observe fast.

---

[3] There is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate).

Plaintiff states that, "immediately thereafter, there was issues with the temperature of the food, the time the food was supposed to be served, etc." Plaintiff claims that he filed grievances and made a request to properly practice his religion in observing Ramadan.

Plaintiff states there were a few occasions he was not brought a meal at all, and not once was he brought a meal in a timely manner for starting or breaking a fast. He further claims he was placed on lockdown for complaining about the treatment of his religious practice.

Plaintiff seeks compensatory and punitive damages.

**Discussion**

The Court has reviewed the complaint and believes that, although plaintiff may be able to assert claims based on the denial of his constitutional rights, he has improperly joined the seven (7) defendants and his numerous claims against them in this one lawsuit. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of *defendants*, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, a multitude of claims against *different defendants* that are related to events arising out of *different occurrences* or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Rule 18(a) of the Federal Rules of Civil Procedure, which governs joinder of *claims*, provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Therefore, multiple claims against a single defendant are valid.

Because plaintiff is proceeding pro se, the Court will give him an opportunity to file an amended complaint. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue and limit the facts and allegations to the defendant(s) involved therein. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose to select one defendant and set forth as many claims as he has against that single defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, then he must file each such claim as a new civil action on a separate complaint form and either pay the filing fee or file a motion for leave to proceed in forma pauperis.

In drafting his amended complaint, plaintiff should be cognizant that he must adequately allege facts showing how each named defendant was personally aware of and disregarded a substantial risk to plaintiff's health or safety.[4] "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not

---

[4] For example, plaintiff must take care to articulate exactly how a particular defendant purportedly denied him medical care on a specific date or time. Or, if he chooses to file an amended complaint regarding his religious claims, he must articulate exactly which defendant failed to allow him to participate in observing Ramadan.

7

cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff cannot hold the defendants liable simply because they held supervisory or administrative positions. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983).

Plaintiff must prepare the amended complaint using a Court-provided form and must follow Rule 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity.[5] If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

Plaintiff shall have **twenty-one (21) days** from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

---

[5] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

**Motion to Appoint Counsel**

Plaintiff has also filed a motion to appoint counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $32.00 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a blank copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED at this time**.

**Plaintiff's failure to timely comply with this Order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 18th day of February, 2020.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE